

**Michelle E. Tarson**
*Senior Counsel*

Direct 516.812.4519
Facsimile 516.812.4619

Email: mtarson@staggwabnik.com

**Also Admitted NJ**

staggwabnik.com

401 Franklin Avenue, Suite 300, Garden City, NY 11530
T 516.812.4550

331 Newman Springs Road, Building 1, 4ᵗʰ Floor, Suite 143, Red Bank, NJ 07701| T 732.784.1586
1111 Summer Street, 5ᵗʰ Floor, Stamford, CT 06905| T 203.967.4000

November 9, 2022

<u>Via ECF</u>
The Honorable Jesse M. Furman, U.S.D.J.
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

   Re: Sari E. Newman v. JPMorgan Chase Bank, N.A.
     <u>Docket No.: 1:22-cv-06948-JMF</u>

Dear Judge Furman:

   This firm represents defendant JPMorgan Chase Bank, N.A. ("Chase") regarding the above matter.  We submit this joint letter on behalf of the parties in accordance with the Court's August 16, 2022 Notice of Initial Pretrial Conference.

   The parties respectfully submit that they do not believe an initial pretrial conference is needed in this matter.  After conferring, the parties believe that the proposed Civil Case Management Plan and Scheduling Order annexed hereto as Exhibit A should suffice.

   Plaintiff alleges that an identity thief stole Plaintiff's identifying information, pretended to be Plaintiff and stole approximately $45,000.00 from her account. Plaintiff provided notice within 60 days of the identity thief stealing all but a few thousand dollars. Chase provisionally credited Plaintiff's account for an amount less that it was required to and claimed a final decision would be rendered after Chase completed its investigation. Plaintiff alleges that Chase is liable to Plaintiff because 1) Chase did not properly provisionally credit Plaintiff's account and did not make a good faith investigation or did not have a reasonable basis for believing Plaintiff's account was not in error; or 2) Chase knowingly and willfully concluded that Plaintiff's account was not in error when such conclusion could not reasonably be drawn from Chase's investigation at the time it decided to reverse the provisional credit given to Plaintiff. If Plaintiff can show either of these 2 options, she is entitled to treble actual damages, costs, and attorney's fees.  If Chase, which bears the burden

The Honorable Jesse M. Furman, U.S.D.J.
United States District Court
Southern District of New York
November 9, 2022
Page 2

to show that this theft was authorized, is merely unable to show that these transfers were authorized, then Plaintiff is entitled to actual damages, costs, and attorney's fees.

Chase's position is that upon receipt of plaintiff's dispute, it investigated the alleged error in accordance with 15 U.S.C. § 1693, et seq, the Electronic Funds Transfer Act ("EFTA") and the applicable regulations.  Chase provisionally credited plaintiff's account while it conducted an investigation into plaintiff's claim that the disputed transactions were not authorized.  At the conclusion of Chase's investigation, it determined that an error did not occur and notified plaintiff of its findings.  Since Chase concluded that an error did not occur, it reversed the provisional credit to plaintiff's account.  Chase's investigation was undertaken in good faith and Chase had a reasonable basis for finding that no error occurred.  In the event the Court finds the bank's investigation or conclusion was erroneous, Chase states that any such action was not undertaken in bad faith and any erroneous conclusion was not knowing or willful so treble damages are not warranted.

The Court has original, subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as plaintiff's claim is brought under the EFTA.  (Dkts. 1, 3.)  Plaintiff contends that venue is proper because Chase's headquarters are within this district and because Chase has more than enough "contacts" with this district to subject it to personal jurisdiction in this district. Chase states it is a national banking association, federally chartered and existing under the laws of the United States, with its main office in the State of Ohio.  (Dkt. 13 at ¶ 14.)

There are no pending deadlines or motions and the parties have not engaged in any discovery.  The attorneys had a meaningful, 35-minute call on November 4th to discuss this letter, the proposed schedule and the possibility of settlement.  The parties understand each other's position and hope to continue engaging in meaning discussions with a goal of resolving the case. The parties discussed the possibility of using alternate dispute resolution mechanisms but, at this time, do not believe one is needed.  In the event either party believes an alternate mechanism would be beneficial, we will promptly notify the Court.

Respectfully submitted,

S/ Michelle E. Tarson___
Michelle E. Tarson

MET/bv

cc.   Shimshon Wexler, Esq.
      *Counsel for Plaintiff*
      (Via ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------------X
                                          :
                                          :
                                          :
                                          :
                                          :          ___-CV-_____ (JMF)
           -v-                            :
                                          :          CIVIL CASE
                                          :          MANAGEMENT PLAN
                                          :          AND SCHEDULING
                      Defendant(s).       :          ORDER
                                          :
-----------------------------------------------------------------------X
```

This Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.   All parties [consent _____ / do not consent _____] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial.  28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.  [*If all parties consent, the remaining Paragraphs should not be completed.  Instead, within three (3) days of submitting this Proposed Case Management Plan and Scheduling Order, the parties shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at* https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf.]

2.   The parties [have _____ / have not _____] conferred pursuant to Fed. R. Civ. P. 26(f).

3.   Settlement discussions [have _____ / have not _____] taken place.

4.   [*If applicable*] Counsel have discussed an informal exchange of information in aid of early settlement and have agreed upon disclosure of the following information within _____ days/weeks:

     _____

     _____

     _____

     _____

     _____

5.   Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court.  Any motion to amend or to join additional parties shall be filed no later than _____ .  [*Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.  Any motion to amend or to join additional parties filed after the deadline in this paragraph will be subject to the "good cause" standard in Fed. R. Civ. P. 16(b)(4) rather than the more lenient standards of Fed. R. Civ. P. 15 and 21.*]

6.   Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than than _____.  [*Absent exceptional circumstances, a date not more than fourteen (14) days following the initial pretrial conference.*]

7.   [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than _____.

8.   Discovery

   a.   The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

   b.   All fact discovery shall be completed no later than _____.  [*A date not more than 120 days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

   c.   The parties agree that there [is _____ / is no _____] need for expert discovery.  If the parties agree that there is no need for expert discovery, all discovery shall be completed by the deadline for fact discovery, unless — prior to that date — a party files, and the Court grants, a letter-motion seeking an extension for purposes of taking expert discovery; any such motion should explain why expert discovery has become necessary and propose a schedule for such discovery.  [*If any party believes that there is a need for expert discovery, the parties should complete Paragraph 8(d).*]

   d.   [*If applicable*]  All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than _____.  [*Absent exceptional circumstances, a date not more than 45 days from the date in Paragraph 8(b) (i.e., the completion of all fact discovery). In the Court's experience, expert discovery is rarely necessary in wage-and-hour cases, and it can generally be conducted concurrently with fact discovery (i.e., completed by the date set forth in Paragraph 8(b)) in cases involving claims under the Americans with Disabilities Act.*]

   e.   The parties should not anticipate extensions of the deadlines for fact discovery and expert discovery set forth in the foregoing Paragraphs.  Relatedly, the parties should not make a unilateral decision to stay or halt discovery (on the basis of settlement negotiations or otherwise) in anticipation of an extension.  If something unforeseen arises, a party may seek a limited extension of the foregoing deadlines by letter-motion filed on ECF.  Any such motion must be filed before the relevant deadline and must explain why, despite the parties' due diligence, discovery could not be completed by the relevant deadline.

9.   Interim Discovery Deadlines

    a.  Initial requests for production of documents shall be served by _____.
       [*Absent exceptional circumstances, a date not more than thirty (30) days following the
       initial pretrial conference.*]

    b.  Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District
       of New York shall be served by _____.   [*Absent exceptional
       circumstances, a date not more than thirty (30) days following the initial pretrial
       conference.*]  No Rule 33.3(a) interrogatories need to be served with respect to
       disclosures automatically required by Fed. R. Civ, P. 26(a).

    c.  Unless otherwise ordered by the Court, contention interrogatories pursuant to Rule
       33.3(c) of the Local Civil Rules of the Southern District of New York must be served no
       later than thirty (30) days before the close of discovery.  No other interrogatories are
       permitted except upon prior express permission of the Court.

    d.  Unless otherwise ordered by the Court, depositions of fact witnesses shall be completed
       by the date set forth in Paragraph 8(b).

        i.   Absent an agreement between the parties or an order from the Court, depositions
         are not to be held until all parties have responded to initial requests for document
         production.

        ii.  There is no priority in deposition by reason of a party's status as a plaintiff or a
         defendant.

        iii. Absent an agreement between the parties or an order from the Court, non-party
         depositions shall follow initial party depositions.

    e.  Unless otherwise ordered by the Court, requests to admit shall be served by no later than
       thirty (30) days before the close of discovery.

    f.  Any of the deadlines in Paragraphs 9(a) through 9(e) may be extended by the written
       consent of all parties without application to the Court, provided that all fact discovery is
       completed by the date set forth in Paragraph 8(b).

    g.  In the event that there is expert discovery, no later than thirty (30) days prior to the date
       in Paragraph 8(b) (i.e., the completion of all fact discovery), the parties shall meet and
       confer on a schedule for expert disclosures, including reports (including rebuttal reports,
       if applicable), production of underlying documents, and depositions, provided that (1)
       expert report(s) of the party with the burden of proof shall be due before those of the
       opposing party's expert(s); and (2) all expert discovery shall be completed by the date
       set forth in Paragraph 8(c).

10.  All motions and applications shall be governed by the Federal Rules of Civil Procedure, the
     Local Rules of the Southern District of New York, and the Court's Individual Rules and
     Practices (available at https://nysd.uscourts.gov/hon-jesse-m-furman).

11.    In the case of discovery disputes, parties should follow Local Civil Rule 37.2 with the following modifications.  Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute.  If this meet-and-confer process does not resolve the dispute, the party shall, in accordance with the Court's Individual Rules and Practices in Civil Cases, promptly file a letter-motion, no longer than three pages, explaining the nature of the dispute and requesting an informal conference.  Any letter-motion seeking relief *must* include a representation that the meet-and-confer process occurred and was unsuccessful.  Any opposition to a letter-motion seeking relief shall be filed as a letter, not to exceed three pages, within three business days.  Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, by order, by conference, or by telephone.  **Counsel should seek relief in accordance with these procedures in a timely fashion; if a party waits until near the close of discovery to raise an issue that could have been raised earlier, the party is unlikely to be granted the relief that it seeks, let alone more time for discovery.**

12.    All counsel must meet in person for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

13.    Absent good cause, the Court will not have summary judgment practice in a non-jury case.  Summary judgment motions, if applicable, and any motion to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases, are to be filed within thirty (30) days of the close of fact or expert discovery (whichever is later).  Unless otherwise ordered by the Court, opposition to any such motion is to be filed two (2) weeks after the motion is served on the opposing party, and a reply, if any, is to be filed one (1) week after service of any opposition.

14.    Unless otherwise ordered by the Court, within thirty (30) days of the close of all discovery, or, if a dispositive motion has been filed, within thirty (30) days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3).  The parties shall also follow Paragraph 5 of the Court's Individual Rules and Practices for Civil Cases, which identifies submissions that must be made at or before the time of the Joint Pretrial Order, including any motions *in limine*.

15.    If this action is to be tried before a jury, joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules and Practices.  Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A).  If this action is to be tried to the Court, proposed findings of fact and conclusions of law shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules and Practices.

16.    Unless the Court orders otherwise for good cause shown, the parties shall be ready for trial two weeks after the Joint Pretrial Order is filed.

17.   This case [is _____ / is not _____] to be tried to a jury.

18.   Counsel for the parties have conferred, and the present best estimate of the length of trial is _____.

19.   Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

_____

_____

_____

_____


**TO BE FILLED IN BY THE COURT IF APPLICABLE:**


_____ shall file a motion for/to _____ no later than _____.  Any opposition shall be filed by _____. Any reply shall be filed by _____.

The parties shall contact the Chambers of the Magistrate Judge assigned to this case on or before _____ in order to schedule settlement discussions under his/her supervision in or about _____.

The parties shall file a joint letter by _____ indicating whether they would like the Court to refer the case to the assigned Magistrate Judge and/or the Court mediation program for settlement purposes and, if so, approximately when they believe a settlement conference should be held.

The next pretrial conference is scheduled for _____ at _____.  Unless and until the Court orders otherwise, the conference will be held remotely by telephone in accordance with Paragraph 2.B of the Court's Individual Rules and Practices in Civil Cases.  The parties should join the conference by calling the Court's dedicated conference line at (888) 363-4749 and using access code 542-1540, followed by the pound (#) key.

Absent leave of Court, by Thursday of the week prior to any future conference, the parties shall file on ECF a joint letter, not to exceed three (3) pages, regarding the status of the case.  The letter should include the following information in separate paragraphs:

(1)   A statement indicating whether the parties believe they can do without the pretrial conference altogether.  If not, the Court will hold the pretrial conference, albeit perhaps at a different time.  To that end, counsel should indicate in their joint letter dates and times during the week of the conference that they would be available for the teleconference;

(2) A statement of all existing deadlines, due dates, and/or cut-off dates;

(3) A brief description of any outstanding motions;

(4) A brief description of the status of discovery and of any additional discovery that needs to be completed;

(5) A list of all prior settlement discussions, including the date, the parties involved, whether any third-party (e.g., Magistrate Judge, mediator, etc.) was involved, and the approximate duration of such discussions, if any;

(6) A statement of whether or how the Court could facilitate settlement of the case (for example, through a(nother) settlement conference before the assigned Magistrate Judge or as part of the Court's Mediation Program);

(7) A statement of the anticipated length of trial and whether the case is to be tried to a jury;

(8) A statement of whether the parties anticipate filing motions for summary judgment; and

(9) Any other issue that the parties would like to address at the pretrial conference or any information that the parties believe may assist the Court in advancing the case to settlement or trial.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown.  Further, the use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.  Indeed, unless the Court orders otherwise, parties engaged in settlement negotiations must proceed on parallel tracks, pursuing settlement and conducting discovery simultaneously.  Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail.

Any application to modify or extend the dates herein (except as provided in Paragraph 9(f)) shall be made in a written application in accordance with Court's Individual Rules and Practices for Civil Cases and shall be made no fewer than two (2) business days prior to the expiration of the date sought to be extended.  Absent exceptional circumstances, extensions will not be granted after deadlines have already passed.

SO ORDERED.

Dated:                                                   _____
New York, New York                                      JESSE M. FURMAN
                                                        United States District Judge