UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
Sari E. Newman,
Plaintiff,

                                                     Case No. 1:22-cv-06948-JMF

v.

JPMorgan Chase Bank, N.A.
Defendant
-------------------------------------------------X

**<u>Motion to Amend the Complaint</u>**

      Plaintiff desires to make clear that she is seeking emotional distress damages for Defendant's refusal to refund the unauthorized electronic fund transfers which resulted in the loss of Plaintiff's life savings by filing the amended complaint. In accordance with the Individual Rules of this Court, attached to this motion is a proposed amended complaint with a redline showing the differences between it and the original complaint.

      This motion is made under the lenient standards of Rule 15. In this Court's Civil Case Management Plan and Scheduling Order (Doc. 16, Page 2 of 6), the Court noted that until December 19, 2022, a motion to amend the complaint would be subject to "the more lenient standards of Fed. R. Civ. P. 15".

      Whether to grant leave to amend under Rule 15 is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, that discretion is severely circumscribed because Rule 15 provides that leave to amend

"shall be freely given when justice so requires" and *Foman* emphasized that "this mandate is to be heeded." *Id*.

A court may deny leave to amend for "good reason" which involves an analysis of the four factors articulated in *Foman*: undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party. See *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). These factors are absent here.

The policy behind this rule is that "[l]iberal amendment promotes judicial economy by making it possible to dispose of all contentions between parties in one lawsuit." *Bilt-Rite Steel Buck Corp. v. Duncan's Welding & Corr. Equip., Inc.*, 1990 WL 129970, at *1 (E.D.N.Y. Aug. 24, 1990) (citing *Jenn-Air Prods. v. Penn Ventilator, Inc.*, 283 F. Supp. 591, 594 (E.D. Pa. 1968)).

## **Conclusion**

The Court should grant Plaintiff's motion to amend the Complaint with the proposed Amended Complaint attached to this motion becoming the operative Complaint in this case.

Dated: November 28, 2022.

By: /s/ Shimshon Wexler
1118 Empire Rd.
Atlanta, Georgia 30329
T: (212) 760-2400
F: (917) 512-6132
swexleresq@gmail.com