UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
**Sari E. Newman,**
**Plaintiff,**

                                                       Case No. 1:22-cv-06948-JMF

**v.**

**JPMorgan Chase Bank, N.A.**
**Defendant**
-------------------------------------------------X

## AMENDED COMPLAINT- JURY TRIAL DEMAND

1- Plaintiff was the victim of identity theft which resulted in unauthorized electronic fund transfers totaling her life savings of more than $45,000 being withdrawn from her savings account.

2- Plaintiff is more than 65 years of age.

3- This event caused Plaintiff severe emotional distress.

4- Plaintiff worried about who will take care of her now that she had no money.

5- Plaintiff's life was shattered by this event.

6- Plaintiff was concerned that she would need to rely on her son to take care of her financially.

7- Plaintiff was frightened on how that would affect her relationship with him.

8- Plaintiff relied on Defendant to do right by her.

9- Plaintiff believed that after Defendant refunded most of the unauthorized withdrawals, she would be able to get on with her life.

10- Instead, Defendant took back all of the money it had refunded leaving Plaintiff penniless.

11- This case is brought under the Electronic Fund Transfer Act of 1978 (EFTA), 15 U.S.C. § 1693 et seq.

12- Lawmakers viewed such transactions—processed through computer networks without human interaction—as "much more vulnerable to fraud, embezzlement, and unauthorized use than the traditional payment methods." *Bank of America v. City and County of San Francisco*, 309 F.3d 551, 564 (9th Cir. 2002) (quoting H.R. Rep. No. 95-1315, at 2 (1978)).

13- Consumer groups urged Congress to provide protection from liability for unauthorized transfers, similar to the protection Congress had already afforded for unauthorized credit card charges. See 15 U.S.C. § 1643(a) (imposing a $50 cap on liability for unauthorized credit card use); Lewis M. Taffer, The Making of the Electronic Fund Transfer Act: A Look at Consumer Liability and Error Resolution, 13 U.S.F. L. Rev. 231, 238 (1979).

14- Congress responded in the EFTA by imposing a similar, but not identical, cap on a consumer's liability for unauthorized electronic fund transfers.

15- Identity theft, or identity fraud, is a worldwide problem, affecting millions of people every year. A study by Javelin Strategy and Research found that in 2017, there were 16.7 million victims of identity fraud. "2018 Identity Fraud: Fraud Enters a New Era of Complexity," Javelin Strategy & Research.

16- Identity theft occurs when someone steals a person's personal information to commit fraud. See https://www.usa.gov/identity-theft

17- The identity thief may use the victim's information to fraudulently apply for credit, file taxes, or obtain medical services. Indicia of identity theft includes receiving bills for items the victim did not buy; debt collection calls for accounts the victim did not open; and denials of loan applications.

18- The U.S. Department of Justice reports that in 2016, an estimated 26 million persons (about 10% of all U.S. residents 16 years or older) reported that they have been victims of identity theft. U.S. Dept. of Justice, Bureau of Justice Statistics, "Victims of Identity Theft, 2016." Erika Harrell, Ph.D. Jan. 2019, NCJ 251147. See https://www.bjs.gov/content/pub/pdf/vit16.pdf

19- Losses due to identity theft reported in 2016 alone totaled $17.5 billion. About 20% of identity theft victims discovered the theft by noticing fraudulent charges on their account. Most victims did not know how the offender obtained their information.

20- Moreover, identity theft is not merely a crime that affects unsophisticated individuals. Even large institutions employing cyber-security personnel have been victims of identity fraud. For example, in 2014, a cyberattack on Chase compromised the accounts of 76 million households and 7 million small businesses. JP Morgan reveals data breach affected 76 million households https://www.usatoday.com/story/tech/2014/10/02/jp-morgan-security-breach/16590689/

21- This case involves Plaintiff being the victim of identity theft which resulted in more than $45,000 being withdrawn from her savings account.

22- Plaintiff Sari E Newman ("Ms. Newman") maintained consumer bank accounts with JPMorgan Chase Bank, N.A ("Chase").

23- Plaintiff resides in Nassau County, New York.

24- Upon information and belief, Chase is headquartered in New York County, New York.

25- Plaintiff maintained a Chase Checking Account ending in 24 and a Chase Savings Account ending in 68.

26- The checking account was listed as the primary account on the monthly statement.

27- In fact, the statements were combined so there was a single statement listing both accounts.

28- The checking account activity was listed first, and the savings account activity was listed at the very end.

29- Unfortunately, in January 2022 a series of electronic unauthorized withdrawals were made from Ms. Newman's account.

30- On the January 2022 monthly statement, the unauthorized withdrawals showed up as follows:

| DATE | DESCRIPTION | | | | AMOUNT | BALANCE |
|---|---|---|---|---|---|---|
| | Beginning Balance | | | | | $63,579.14 |
| 01/07 | 01/07 Online Transfer To Chk ...3524 Transaction#: 13402201453 | | | | -1,000.00 | 62,579.14 |
| 01/19 | Aspiration | P2P | Sari Newman | Web ID: 125108997 | -2,000.00 | 60,579.14 |
| 01/19 | Aspiration | P2P | Sari Newman | Web ID: 125108997 | -75.00 | 60,504.14 |
| 01/25 | Aspiration | P2P | Sari Newman | Web ID: 125108997 | -2,000.00 | 58,504.14 |
| 01/31 | Interest Payment | | | | 1.03 | 58,505.17 |
| | Ending Balance | | | | | $58,505.17 |

31- Ms. Newman does not know who Aspiration is.

32- Ms. Newman did not authorize these transfers.

33- Ms. Newman did not authorize others to do these transfers on her behalf.

34- Plaintiff does not know the means used to get these transactions approved to this day.

35- Plaintiff does not know anything about the identify of the individuals who got Chase to approve these transactions.

36- Ms. Newman believes that a thief got access to her account and began withdrawing money from her account without her knowing about it.

37- On the February 2022 monthly statement, the unauthorized withdrawals showed up as follows:

**TRANSACTION DETAIL**

| DATE | DESCRIPTION | AMOUNT | BALANCE |
|---|---|---|---|
| | Beginning Balance | | $58,505.17 |
| 02/04 | Aspiration P2P Sari Newman Web ID: 125108997 | -2,000.00 | 56,505.17 |
| 02/04 | Aspiration P2P Sari Newman Web ID: 125108997 | -2,000.00 | 54,505.17 |
| 02/07 | 02/07 Online Transfer To Chk ...3524 Transaction#: 13621307389 | -1,000.00 | 53,505.17 |
| 02/10 | Aspiration P2P Sari Newman Web ID: 125108997 | -2,000.00 | 51,505.17 |
| 02/10 | Aspiration P2P Sari Newman Web ID: 125108997 | -2,000.00 | 49,505.17 |
| 02/10 | 02/10 Online Transfer To Chk ...3524 Transaction#: 13640602004 | -2,200.00 | 47,305.17 |
| 02/17 | Aspiration P2P Sari Newman Web ID: 125108997 | -2,000.00 | 45,305.17 |
| 02/17 | Aspiration P2P Sari Newman Web ID: 125108997 | -1,900.00 | 43,405.17 |
| 02/24 | Aspiration P2P Sari Newman Web ID: 125108997 | -2,000.00 | 41,405.17 |
| 02/24 | Aspiration P2P Sari Newman Web ID: 125108997 | -2,000.00 | 39,405.17 |
| 02/28 | Interest Payment | 0.72 | 39,405.89 |
| | Ending Balance | | $39,405.89 |

38- Ms. Newman does not know who Aspiration is.

39- Ms. Newman did not authorize these transfers.

40- Ms. Newman did not authorize others to do these transfers on her behalf.

41- Ms. Newman believes that a thief got access to her account and began withdrawing money from her account without her knowing about it.

42- On the March 2022 monthly statement, the unauthorized withdrawals showed up as follows:

**TRANSACTION DETAIL**

| DATE | DESCRIPTION | AMOUNT | BALANCE |
|---|---|---|---|
| | Beginning Balance | | $39,405.89 |
| 03/03 | Aspiration P2P Sari Newman Web ID: 125108997 | -2,000.00 | 37,405.89 |
| 03/03 | Aspiration P2P Sari Newman Web ID: 125108997 | -1,000.00 | 36,405.89 |
| 03/04 | Aspiration P2P Sari Newman Web ID: 125108997 | -2,000.00 | 34,405.89 |
| 03/04 | Aspiration P2P Sari Newman Web ID: 125108997 | -2,000.00 | 32,405.89 |
| 03/11 | Interest Credit | 2.27 | 32,408.16 |
| 03/15 | 03/15 Online Transfer To Chk ...3524 Transaction#: 13886363744 | -1,000.00 | 31,408.16 |
| 03/25 | Aspiration P2P Sari Newman Web ID: 125108997 | -2,000.00 | 29,408.16 |
| 03/25 | Aspiration P2P Sari Newman Web ID: 125108997 | -2,000.00 | 27,408.16 |
| 03/30 | Aspiration P2P Sari Newman Web ID: 125108997 | -2,000.00 | 25,408.16 |
| 03/30 | Aspiration P2P Sari Newman Web ID: 125108997 | -2,000.00 | 23,408.16 |
| 03/31 | Interest Payment | 0.52 | 23,408.68 |
| | Ending Balance | | $23,408.68 |

43- Ms. Newman does not know who Aspiration is.

44- Ms. Newman did not authorize these transfers.

45- Ms. Newman did not authorize others to do these transfers on her behalf.

46- Ms. Newman believes that a thief got access to her account and began withdrawing money from her account without her knowing about it.

47- On the April 2022 monthly statement, the unauthorized withdrawals showed up as follows:

**TRANSACTION DETAIL**

| DATE | DESCRIPTION | | | | AMOUNT | BALANCE |
|---|---|---|---|---|---|---|
| | Beginning Balance | | | | | $23,408.68 |
| 04/05 | Aspiration | P2P | Sari Newman | Web ID: 125108997 | -2,000.00 | 21,408.68 |
| 04/05 | Aspiration | P2P | Sari Newman | Web ID: 125108997 | -2,000.00 | 19,408.68 |
| 04/13 | Aspiration | P2P | Sari Newman | Web ID: 125108997 | -2,000.00 | 17,408.68 |
| 04/13 | Aspiration | P2P | Sari Newman | Web ID: 125108997 | -2,000.00 | 15,408.68 |
| 04/18 | Aspiration | P2P | Sari Newman | Web ID: 125108997 | -2,000.00 | 13,408.68 |

**TRANSACTION DETAIL** *(continued)*

| DATE | DESCRIPTION | | | | AMOUNT | BALANCE |
|---|---|---|---|---|---|---|
| 04/18 | Aspiration | P2P | Sari Newman | Web ID: 125108997 | -2,000.00 | 11,408.68 |
| 04/27 | 04/27 Online Transfer To Chk ...3524 Transaction#: 14208055861 | | | | -11,408.68 | 0.00 |
| 04/27 | Savings Withdrawal Limit Fee | | | | -5.00 | -5.00 |
| 04/28 | Balance Transfer Credit | | | | 5.00 | 0.00 |
| 04/29 | Interest Payment | | | | 0.23 | 0.23 |
| | Ending Balance | | | | | $0.23 |

48- The unauthorized withdrawals totaled $46,975.

49- On or about April 27, 2022, Ms. Newman notified Chase of the unauthorized withdrawals.

50- April 27, 2022 was a date which was within 60 days of the statement of all but the first $4,075 of the unauthorized transactions.

51- In that regard, Chase wrote Ms. Newman a letter dated April 27, 2022:

Dear SARI NEWMAN:

Thank you for contacting us. We researched the transactions you reported on 04/27/2022.

We will not be crediting certain transactions because you are responsible for any transactions that occur more than 60 days after we send the first statement on which these transactions appear, which was 01/31/2022.

If you have questions or want to request the information we used for our research, please call us at 1-866-564-2262. We're available Monday through Friday 9 am to 9 pm ET or Saturday 9 am to 8 pm ET.

Sincerely,

Customer Claims Department

Enclosure

52- Chase followed up with a letter dated April 28, 2022:

## Action Needed: Please complete and return this form concerning your claim

Date of Inquiry: 04/27/2022
Claim Number: 744755379960002
Card ending in:
Claim related to account[1] ending in: 7768

Dear SARI NEWMAN:

Thank you for contacting us about the transaction(s) you disputed on your account. To complete our research we need more information from you.

### Please complete, sign and return the enclosed Disputed Transaction Questionnaire
- Review the transaction and thoroughly answer all questions.
- Return the form by 05/12/2022 to avoid a delay or denial of temporary credit.

### Here's how you can send us your claim documents
- Fax:   1-866-701-9886
- Mail :

    Customer Claims Department
    Mail Code TX3-7849
    PO Box 659809
    San Antonio, TX 78265-9109

When we get your form, we'll complete our research and let you know what actions we decide to take.

If you have questions, please call us at 1-866-564-2262. We're available Monday through Friday 9 am to 9 pm ET or Saturday 9 am to 8 pm ET.

Sincerely,

Customer Claims Department

Enclosure

53- Plaintiff completed the form provided by Chase-

**Disputed Transaction(s) Questionnaire**

Please complete, sign and return this form to us as soon as possible using the contact information above.

1. Please read the statement below, select an option then sign and date the form.

    [✓] I am an authorized signer on, or otherwise have authority to act with respect to, the account identified above. I have reviewed the circumstances of the ACH transaction(s) identified in this questionnaire. I certify that the debit was not authorized and that it/they were not originated with fraudulent intent by me or any person acting in concert with me.

    [ ] I am an authorized signer on, or otherwise have authority to act with respect to, the account identified above. I have reviewed the circumstances of the ACH transaction(s) identified in this questionnaire. I certify that the debit was not in accordance with the terms of the authorization and that the following, to the best of my ability to identify, is the reason for that conclusion:

    - [ ] My account was debited before the date I authorized.
    - [ ] I revoked the authorization I had given to the party to debit my account before the debit was initiated.
    - [ ] My account was debited for an amount different than I authorized.
    - [✓] I did not authorize the party to debit my account (i.e. debited without a notice, free trial, etc.).
    - [ ] My check was improperly processed electronically.
    - [ ] My account was debited by an authorized party, but that third party failed to make my payment as instructed.
    - [ ] Other (must specify) _____

2. Please provide any additional information that may help us resolve your claim. Use another sheet if you need more space.

    ACCOUNT WAS COMPROMISED

By signing below, I certify that this written statement is true and correct.

_Naomi Newman_     5/2/22     917 609 1361

Account Holder's Signature    Date    Daytime phone number

_____
Business name (if applicable)

_____
Title (if applicable)

54- On Plaintiff's May statement, it showed $38,975 being added to her account.

55- As part of the $38,975 added, the January 2022 charges for $4,075 were added:

| TRANSACTION DETAIL | | | | | |
|---|---|---|---|---|---|
| DATE | DESCRIPTION | | | AMOUNT | BALANCE |
| | Beginning Balance | | | | -$5.00 |
| 05/04 | 04/05/2022 Reversal: Aspiration | P2P | Sari New | 2,000.00 | 1,995.00 |
| 05/04 | 04/05/2022 Reversal: Aspiration | P2P | Sari New | 2,000.00 | 3,995.00 |
| 05/04 | 01/25/2022 Reversal: Aspiration | P2P | Sari New | 2,000.00 | 5,995.00 |
| 05/04 | 01/19/2022 Reversal: Aspiration | P2P | Sari New | 2,000.00 | 7,995.00 |
| 05/04 | 02/24/2022 Reversal: Aspiration | P2P | Sari New | 2,000.00 | 9,995.00 |
| 05/04 | 02/24/2022 Reversal: Aspiration | P2P | Sari New | 2,000.00 | 11,995.00 |
| 05/04 | 02/17/2022 Reversal: Aspiration | P2P | Sari New | 2,000.00 | 13,995.00 |
| 05/04 | 03/30/2022 Reversal: Aspiration | P2P | Sari New | 2,000.00 | 15,995.00 |
| 05/04 | 02/10/2022 Reversal: Aspiration | P2P | Sari New | 2,000.00 | 17,995.00 |
| 05/04 | 02/10/2022 Reversal: Aspiration | P2P | Sari New | 2,000.00 | 19,995.00 |
| 05/04 | 02/04/2022 Reversal: Aspiration | P2P | Sari New | 2,000.00 | 21,995.00 |
| 05/04 | 02/04/2022 Reversal: Aspiration | P2P | Sari New | 2,000.00 | 23,995.00 |
| 05/04 | 03/25/2022 Reversal: Aspiration | P2P | Sari New | 2,000.00 | 25,995.00 |
| 05/04 | 03/04/2022 Reversal: Aspiration | P2P | Sari New | 2,000.00 | 27,995.00 |
| 05/04 | 03/30/2022 Reversal: Aspiration | P2P | Sari New | 2,000.00 | 29,995.00 |
| 05/04 | 03/25/2022 Reversal: Aspiration | P2P | Sari New | 2,000.00 | 31,995.00 |
| 05/04 | 03/04/2022 Reversal: Aspiration | P2P | Sari New | 2,000.00 | 33,995.00 |
| 05/04 | 03/03/2022 Reversal: Aspiration | P2P | Sari New | 2,000.00 | 35,995.00 |
| 05/04 | 02/17/2022 Reversal: Aspiration | P2P | Sari New | 1,900.00 | 37,895.00 |
| 05/04 | 03/03/2022 Reversal: Aspiration | P2P | Sari New | 1,000.00 | 38,895.00 |
| 05/04 | 01/19/2022 Reversal: Aspiration | P2P | Sari New | 75.00 | 38,970.00 |
| 05/04 | Interest Adjustment Credit | | | 0.71 | 38,970.71 |
| 05/31 | Interest Payment | | | 0.67 | 38,971.38 |
| | Ending Balance | | | | $38,971.38 |

56- Inexplicably, $8,000 of unauthorized charges were not added back to her account and unaccounted for.

57- Chase apparently pretended like they didn't exist.

58- On June 8, 2022, Chase provided its decision on Ms. Newman's claim:

## Update: We have updated information about your claim

Date of Inquiry: 04/27/2022
Claim Number: 744755379960002
Card ending in:
Claim related to Account[1] ending in: 7768

Dear SARI NEWMAN:

We completed our research for the transaction(s) you reported on 04/27/2022.

**Here's what you should know**
- We found that the transaction(s) was processed according to the information you provided or was authorized.
- As a result, we are removing $24,975.00 from your account on or after 06/16/2022. If the account the claim is related to is no longer open with Chase, and you don't have an open account with Chase for us to debit, we may request you to repay the credit(s).
- Contact us if you would like to request the information we used for our research.

If you have questions, please call us at 1-866-564-2262. We're available Monday through Friday 9 am to 9 pm ET or Saturday 9 am to 8 pm ET.

Sincerely,

Customer Claims Department

Enclosure

59- On July 18, 2022, Chase provided an "explanation" for why it denied Plaintiff's claims:

Dear SARI E NEWMAN:

Thank you for requesting the information we used to deny all or part of your claim above. We researched the disputed transaction(s) carefully and denied your claim based on the results.

Here are the notes we have in our system:

Claim was denied based on information we had available to us in our investigation; Your claim was denied based upon a review of account activity.

If we used certain documents in our research, we enclosed copies. If you have additional questions, please call us at 1-866-564-2262. We're here Monday through Friday 9:00am to 9:00pm EST and Saturdays from 9:00am to 8:00pm EST.

Sincerely,

Customer Claims Department

Enclosure

60- The EFTA 1693g(a) provides that "In no event, however, shall a Plaintiff's liability for an unauthorized transfer exceed …. $50" when the bank is notified within sixty days of the transmittal of the statement which is what happened here for $42,900 in transactions.

61- In this case, the Bank held Plaintiff liable for far more than $50.

62- The EFTA 1693g(b) states that the bank bears the burden of proof to show that Plaintiff was not telling the truth when she said the transactions were unauthorized. ("In any action which involves a consumer's liability for an unauthorized electronic fund transfer, the burden of proof is upon the financial institution to show that the electronic fund transfer was authorized.").

63- In other words, the bank can't hold Plaintiff liable because she can't prove that the transactions were unauthorized.

64- Plaintiff has denied that these electronic withdrawals were authorized.

65- To recover treble damages under the EFTA (1693f(e)), the consumer must be able to prove that the bank or other financial institution

(1) did not provisionally recredit a consumer's account within the ten-day period following an error notification, and either did not make a good faith investigation of the alleged error or did not have a reasonable basis for believing that the consumer's account was not in error; or

(2) knowingly and willfully concluded that the consumer's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to the institution at the time of its investigation.

66- Based on the documents provided to Plaintiff by Chase which Chase has claimed is evidence that the withdrawals were authorized, it is apparent and certainly plausible that a)

Chase had no reasonable basis for believing that Plaintiff's account was not incorrect, b) Chase did not make a good faith investigation of the alleged error, c) Chase knowingly and willfully concluded the Plaintiff's account was not in error when that conclusion could not reasonably have been drawn from the evidence available to the Bank at the time of its investigation.

67- As noted above, $8,000 in charges was not credited to Plaintiff's account despite her notifying the bank that those charges were not authorized within the 60 days window of transmittal in violation of 1693f(c).

68- Plaintiff is entitled to actual damages under 1693m(a)(1).

69- Plaintiff is entitled to emotional distress damages in an amount to be shown at trial under 1693m(a)(1).

70- Plaintiff is entitled to $42,900 that should have been returned to her because it consisted of unauthorized electronic fund transfers under 1693m(a)(1).

71- As provided for in 1693f(e), Plaintiff is entitled to treble actual damages awarded under Section 1693m(a)(1).

72- Plaintiff also requests statutory damages of $1,000 under section 1693m(a)(2)(A).

73- Plaintiff also requests the costs of the action under section 1693m(a)(3).

74- Plaintiff also requests reasonable attorney's fees under section 1693m(a)(3).

75- Plaintiff also requests a jury trial under Rule 38.

Dated this 19th Day of December 2022.

Respectfully submitted,
By:/s/ Shimshon Wexler
1118 Empire Rd.
Atlanta, GA 30329
212-760-2400
swexleresq@gmail.com