

**Michelle E. Tarson**
**Senior Counsel**

Direct (516) 812-4519
Fax: (516) 812-4619
mtarson@staggwabnik.com

Also Admitted NJ

401 Franklin Avenue, Suite 300, Garden City, NY 11530    www.staggwabnik.com
T 516.812.4550

331 Newman Springs Road, Building 1, 4th Floor, Suite 143, Red Bank, NJ 07701| T 732.784.1586
1111 Summer Street, 5th Floor, Stamford, CT 06905| T 203.967.4000

October 2, 2023

VIA ECF
The Honorable Jesse M. Furman USDJ
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

      Re:    Sari E. Newman v. JPMorgan Chase Bank, N.A.
                Docket No.: 1:22-cv-06948-JMF

Dear Judge Furman:

      This firm represents defendant JPMorgan Chase Bank, N.A. ("Chase") in the above matter. In accordance with the Court's rules and the January 24, 2023 Confidentiality Stipulation and Protective Order signed by the Court, Chase respectfully seeks an order permitting it to file under seal Chase's policies and procedures, and documents referencing them. The documents at issue will be filed under seal in accordance with the Court's rules for consideration.

      This case involves a claim under the Electronic Funds Transfer Act (EFTA), 15 USC § 1693, et seq., by Chase customer Sari Newman, who contends that $46,975 in unauthorized Automated Clearing House (ACH) transfers occurred between January and April 2022 from her Chase savings account to an account in her name at Aspiration Financial.

      Chase intends to move for summary judgment based upon the EFTA's bona fide error defense, 15 U.S.C. § 1693m(c). The policies and procedures will show that Chase maintained a process that complied with the statute so that, even if the Court finds an error occurred, Chase had a compliant process in place and is therefore not liable. To that end, Chase must submit the applicable policies and procedures to the Court.

      During discovery, plaintiff served document demands that sought:

- 38- Any documents or information showing the procedures reasonably intended to avoid the error Defendant had in place as alleged in Defendant's Answer Paragraph 82 of the Complaint.

The Honorable Jesse M. Furman USDJ
October 2, 2023
Page 2

- 39- Any documents or information which reference Defendant's policies and procedures concerning compliance with 15 U.S. Code § 1693f.
- 40- Any documents or information which references Defendant's policies and procedures concerning a consumer's notification of an unauthorized electronic fund transfer.

Chase marked those policies and procedures as confidential and produced them during discovery under the Protective Order signed by the Court on January 24, 2023.  (Dkt. 26.) Chase's policies and procedures are confidential trade secrets and proprietary information that address how Chase conducts investigations when a customer disputes an ACH transaction.  The policies and procedures do not just list the items examined and the steps taken by the bank to investigate a fraud claim but also disclose information about the internal systems and processes used by the bank.  An individual outside of this litigation who obtains the information could use this information to circumvent the bank's procedures and perpetrate a fraud.

Sealing Chase's policies and procedures do not give rise to a First Amendment issue, nor does a presumption of public access outweigh the sealing of the documents.  *See Lugosch v. Pyramid Co.*, 435 F.3d 110 (2d Cir. 2006) (setting out the considerations a court examines when determining whether to seal documents); *Nichols v. Noom, Inc.*, 2021 U.S. Dist. LEXIS 86954, *1-5 (S.D.N.Y. May 6, 2021).

Accordingly, Chase seeks leave to file the exhibit, the affidavit referencing the exhibit, and the pages of Chase's memorandum of law citing or quoting the exhibit under seal.  The subject procedures are filed under seal contemporaneously with this request.  Plaintiff's counsel consents to the request.

Respectfully submitted,

Michelle E. Tarson

Encl.
cc:   Shimshon Wexler, Esq. (Via ECF)
      Justin Baxter, Esq. (Via ECF)
      Attorneys for Plaintiff

The motion to seal is granted temporarily.  The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motions.  The Clerk of Court is directed to terminate ECF No. 46.  SO ORDERED.

October 2, 2023