UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SARI E. NEWMAN,                                                  Docket No.: 1:22-cv-06948-JMF

        Plaintiff,

   -against-

JPMORGAN CHASE BANK, N.A.,

        Defendant.
----------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Stagg Wabnik Law Group LLP
*Attorneys for Defendant*
*JPMorgan Chase Bank, N.A.*
401 Franklin Avenue, Suite 300
Garden City, New York 11530
Tel.: (516) 812-4550
tstagg@staggwabnik.com

Submitted By:
Thomas E. Stagg
Michelle E. Tarson

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................................ii

PRELIMINARY AND FACTUAL STATEMENT ...................................................................1

ARGUMENT ........................................................................................................................4

POINT I

    PLAINTIFF DOES NOT CONTEST THAT HER CLAIM FOR $8,000
    WAS UNTIMELY AND THAT CHASE WAS NOT REQUIRED TO
    GIVE HER A PROVISIONAL CREDIT............................................................................4

POINT II

    PLAINTIFF MISLEADINGLY ATTEMPTS TO BOOTSTRAP
    ASPIRATION'S LATER DETERMINATION OF FRAUD TO
    CHASE'S PRIOR INVESTIGATION, BUT THERE IS NO
    CONNECTION BETWEEN THE TWO EVENTS .........................................................4

POINT III

    PLAINTIFF DOES NOT RAISE A TRIABLE ISSUE OF
    FACT TO REBUT CHASE'S BONA FIDE ERROR DEFENSE .................................7

    A. THERE IS NO EVIDENCE BEFORE THE COURT
       THAT CHASE INTENTIONALLY VIOLATED THE EFTA...............................8

    B. CHASE DEMONSTRATED THAT IT MAINTAINED
       REASONABLE PROCEDURES TO AVOID THE ERROR................................9

CONCLUSION..................................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**

Acheampongtieku v. Allied Interstate, Inc.
   No. 04-cv-8397, 2005 U.S. Dist. LEXIS 17901 (S.D.N.Y. Aug. 25, 2005) ............................. 9

Bonilla v. Smithfield Assoc. LLC
   2009 U.S. Dist. LEXIS 116233 (No. 09 Civ. 1549) (S.D.N.Y. Dec. 4, 2009) .......................... 4

Burchette v. Abercrombie & Fitch Stores, Inc.
   2009 U.S. Dist. LEXIS 141613 (No. 08 Civ. 8786) (S.D.N.Y. Mar. 30, 2009) ........................ 4

Cohen v. Capital One, N.A.
   921 F. Supp. 2d 107 (S.D.N.Y. 2013) ..................................................................................... 7

Pincover v. J.P. Morgan Chase Bank, N.A.
   591 F.Supp. 3d 212 (S.D.N.Y. 2022) ...................................................................................... 4

Widjaja v. JPMorgan Chase Bank, N.A.
   21 F.4th 579 (9th Cir. 2021) ..................................................................................................... 7

JPMorgan Chase Bank, N.A. ("Chase"), by and through its attorneys, Stagg Wabnik Law Group LLP, respectfully submits this reply memorandum of law in further support of its motion for summary judgment.

## PRELIMINARY AND FACTUAL STATEMENT

Plaintiff's opposition fails to identify any issues of fact that would preclude summary judgment. Her opposition demonstrates Plaintiff is attempting to create facts to compensate for the failure to elicit testimony or discovery from Chase or Aspiration that would support her claims or contradict Chase's defenses.

For example, to argue that Chase's investigation was unreasonable and a violation of the Electronic Funds Transfer Act ("EFTA"), Plaintiff repeatedly misrepresents that funds were returned to Chase by Aspiration because Aspiration determined that the ACH ("Automated Clearing House") transactions were unauthorized. (Opp'n Mem. at 18, 20, 23.) That is blatantly false and unsupported by any discovery. The only admissible evidence before the Court on that issue is Kevin Kesterson's declaration, which explains that Aspiration returned the funds because it was required to do so pursuant to the NACHA rules. In other words, Aspiration did not return the funds because it concluded fraud occurred on Plaintiff's account – it returned the funds because it had to under the applicable NACHA rule. Moreover, Aspiration's subpoena response to Chase shows Aspiration could not possibly have returned the funds due to a fraud determination since the funds had been returned by Aspiration *before* it even received notice of fraud. Aspiration's account records show it did not receive notice of identity theft until June 30, 2022. (Stagg Dec., Ex. D (p. 4.) (Dkt. 56-4) ("Report of ID Theft").)[1] That Aspiration had previously returned the

---

[1] Chase's claim notes reflect that the bank advised Plaintiff on a June 30, 2022 call to contact Aspiration. (Kesterson Decl. Ex. D at Chase 000043.) It is no coincidence that Plaintiff's call with Chase occurred the same day that Aspiration's notes reflect an identity theft report on Plaintiff's account at Aspiration. (Stagg Decl., Ex. D; Kesterson Aff., Ex. D at Chase 000043.)

funds is confirmed in the June 9, 2022 letter from Chase to Plaintiff advising that the returned funds were permanently credited to her Chase account. (Kesterson Dec., ¶ 29 (Dkt. 60); Jun. 9, 2022 Ltr. (Dkt. 57-9).) This evidence contradicts Plaintiff's misrepresentation of the facts and confirms that, at the time Chase conducted its investigation, it could not possibly have been aware of Aspiration's later-made fraud determination.[2]  In short, there is no factual dispute regarding reasonableness or a knowing violation.

Plaintiff's inability to establish an unreasonable investigation or oppose the bona fide error defense is also demonstrated by counsel's failure to ask Chase's 12(b)(6) witness – Kevin Kesterson, the same person who signed the supporting declaration – about the bank's policies and procedures. The Job Aide attached to Kesterson's declaration is the same one produced during discovery. Counsel did not ask Kesterson whether Chase should have reached a different conclusion, nor did he ask about the procedures Chase followed in investigating Plaintiff's dispute or the reason Aspiration returned funds to Chase for the Plaintiff's benefit. Counsel did not ask why Chase returned additional sums to Plaintiff after the action was commenced, despite Kesterson's deposition taking place months after all the sums were refunded, including the untimely reported $8,000. In that regard, by failing to address in her opposition the last $8,000 of withdrawals, Plaintiff has abandoned any claim relating to the untimely reporting of that amount.

The evidence before the Court establishes that Chase conducted a reasonable investigation: it issued a provisional credit, conducted an investigation that included a review of Chase's records and the ACH authorization supplied by Aspiration, concluded the transactions were authorized, and advised Plaintiff of that. Chase further demonstrated that any mistake was the result of a bona fide error, which is supported by the Job Aides that set forth how specialists should review an

---

[2] It was not until Chase received Aspiration's subpoena response, which was *after* this lawsuit was filed, that Chase learned that Plaintiff's account at Aspiration was closed due to identify theft.

authorization when there is a dispute.  The specialist who reviewed Plaintiff's dispute denied her claim following a review of account records and the ACH Authorization received from Aspiration.

None of Plaintiff's arguments refute the foregoing.  Plaintiff has not shown that Chase's investigation was faulty, and although she argues throughout her brief that Chase *knowingly and willfully* violated the EFTA, she points to no testimony or documents to meet that high legal standard.  Nor does Plaintiff point to any evidence showing deliberate ignorance or reckless disregard in connection with Chase's investigation of Plaintiff's dispute.  Chase produced in discovery the claim notes relating to the dispute, which show in exacting detail the many steps taken by the bank in investigating the dispute from beginning to end, and that Chase was ready to pay the claim until it received the ACH Authorization from Aspiration.  The claim notes show all of Chase's communications and the rationale for its determination.  Plaintiff makes no effort to challenge the bank's claim notes nor explain why when Plaintiff deposed Kesterson, he was not asked any questions about the bank's investigation.  Rather than relying on any evidence in her opposition, Plaintiff relies on pages of attorney argument.  She points to no evidence that Chase acted knowingly when it denied Plaintiff's claim or that Chase's reliance on the ACH Authorization supplied by Aspiration was improper under the EFTA.

Moreover, Plaintiff had the opportunity to subpoena Aspiration and depose someone from Aspiration to determine how Plaintiff's account at Aspiration was opened and the details concerning how Aspiration concluded it was fraudulent.  Having failed to do so, she is not permitted to substitute speculation for evidence in opposition to Chase's summary judgment motion. Since Chase has met its *prima facie* burden on this motion and Plaintiff has failed to point to any evidence that creates an issue of fact or shows that Chase violated the EFTA, summary judgment dismissing the Complaint is appropriate.

# ARGUMENT

## POINT I

### PLAINTIFF DOES NOT CONTEST THAT HER CLAIM FOR $8,000 WAS UNTIMELY AND THAT CHASE WAS NOT REQUIRED TO GIVE HER A PROVISIONAL CREDIT

When a party does not controvert or oppose arguments, those arguments are conceded. In its moving papers, Chase argued that the EFTA did not require Chase to investigate or provisionally credit $8,000 of the disputed Aspiration transactions because Plaintiff failed to timely notify Chase of her dispute related to those transactions. (Mov. Mem. at 14-18.) Plaintiff did not address this argument in her opposition and admits she reported the $8,000 more than 60 days after the first statement containing the unauthorized transactions. (Opp'n Mem. at 17.) Thus, Plaintiff concedes the validity of Chase's arguments relating to the $8,000 that was withdrawn on April 13, 2022 and April 18, 2022. *See Pincover v. J.P. Morgan Chase Bank, N.A.*, 591 F.Supp. 3d 212, 228 (S.D.N.Y. 2022) (when Plaintiff did not oppose an argument that an EFTA claim was time-barred, the Court "treats this claim as abandoned and dismisses it."). *See also Bonilla v. Smithfield Assoc. LLC*, 2009 U.S. Dist. LEXIS 116233, at *11 (No. 09 Civ. 1549) (S.D.N.Y. Dec. 4, 2009) (plaintiff's claims that were not addressed in opposition to defendant's motion to dismiss are deemed abandoned and dismissed); *Burchette v. Abercrombie & Fitch Stores, Inc.*, 2009 U.S. Dist. LEXIS 141613, at *4-5 (No. 08 Civ. 8786) (S.D.N.Y. Mar. 30, 2009) (same). Plaintiff's claims relating to the disputed $8,000 must therefore be dismissed.

## POINT II

### PLAINTIFF MISLEADINGLY ATTEMPTS TO BOOTSTRAP ASPIRATION'S LATER DETERMINATION OF FRAUD TO CHASE'S PRIOR INVESTIGATION, BUT THERE IS NO CONNECTION BETWEEN THE TWO EVENTS

As noted in the Preliminary and Factual Statement, plaintiff misrepresents the facts by asserting that Aspiration returned funds to Chase because Aspiration determined that Plaintiff's account was fraudulent. The apparent rationale for making this misrepresentation is to convince

4

the Court that Chase's investigation was inadequate. Plaintiff argues that Chase should have investigated further once it learned that Aspiration returned funds due to fraud. (Opp'n Mem. At 23-24.) The flaw in this argument is that Aspiration did not return funds to Chase due to fraud. Not surprisingly, Plaintiff points to no evidence that this occurred.

Aspiration returned the funds to Chase because it was required to do so under the NACHA Rules. Kesterson explained in his Declaration that the NACHA rules required Aspiration to return the funds. (Kesterson Dec., ¶ 18, Dkt. 60 - "the NACHA Rules required Aspiration, as the Originating Depository Financial Institution ("ODFI"), to return any funds for transfers occurring within the first 30 (thirty) days of notice of a dispute".) Plaintiff does not refute Kesterson's sworn testimony and does not cite to any evidence supporting her assertion. As noted above, the records supplied by Aspiration show that it would have been impossible for Aspiration to have returned the funds due to fraud since – at the time the funds were returned - Plaintiff had not yet informed Aspiration of the identify theft. The funds had been returned by Aspiration prior to that date, which is reflected in the June 9, 2022 letter Chase sent to Plaintiff advising that the returned funds were permanently credited to her Chase account. (Kesterson Dec., ¶ 29 (Dkt. 60); Jun. 9, 2022 Ltr. (Dkt. 57-9).) It was not later, on June 30, 2022, that Plaintiff first reported the fraud to Aspiration. (Stagg Dec., Ex. D (p. 4.) (Dkt. 56-4) ("Report of ID Theft").) There is simply no evidentiary support for Plaintiff's contention that Chase knew at the time it investigated Plaintiff's dispute that Aspiration had determined that Plaintiff's account at Aspiration was fraudulent. Without any evidence to support Plaintiff's attempt to bootstrap Aspiration's later determination of fraud to Chase's prior investigation, her argument of a flawed investigation fails to create a factual issue regarding the reasonableness of Chase's investigation.

Plaintiff makes other misleading arguments that also miss the mark. For example, she contends Chase provided her with an Aspiration "account application" that contained a phone

number for Plaintiff that was not associated with her. (Opp'n Mem. at 7; Responses to Defendant's Rule 56.1 Statement of Undisputed Facts, Dkt. 64-1 p. 12 at ¶¶ 21-22.) Not true. During Chase's investigation, Aspiration provided an ACH Authorization and Agreement (the "ACH Authorization") on May 11, 2022, shortly after Plaintiff submitted her dispute to Chase. (Stagg Decl. Exs. A-D.) That form is not an account application; it is a document related to approval of ACH transactions and, importantly, no phone number is reflected on that form. (*Id.* at Chase 000211-000212.) The account application that contained Plaintiff's phone number was obtained from Aspiration in response to Chase's subpoena to Aspiration *in this lawsuit*, which means that this form was not and could not have been considered as part of Chase's investigation. (Stagg Decl. Exs. A-D.) Moreover, as noted above, the documents Aspiration produced in response to Chase's subpoena show that identity theft was not reported to Aspiration until June 30, 2022, and Aspiration did not close the fraudulent account until July 1, 2022 – almost *two months after* Aspiration provided Chase with the ACH Authorization. (Stagg Decl., Ex. D.)[3] This subpoenaed evidence is important because it shows that there was no evidence in Aspiration's records indicating that the transaction was unauthorized during the time period that Chase was investigating Plaintiff's claim, which knocks out Plaintiff's claims that Chase's investigation was unreasonable, let alone a knowing or willful violation of Reg E.

      Despite Plaintiff's efforts to mislead the Court with unsupported factual conjecture, the documentation Chase received from Aspiration at the time of its investigation supported the ACH withdrawals from Plaintiff's savings account.

---

[3] Plaintiff did not seek to depose Aspiration about the Aspiration withdrawals, the opening of the Aspiration account, the ACH Authorization or when and why Aspiration determined its account was a result of identity theft.

## POINT III

### PLAINTIFF DOES NOT RAISE A TRIABLE ISSUE OF FACT TO REBUT CHASE'S BONA FIDE ERROR DEFENSE

As set forth in Chase's moving papers, to prevail under the bona fide error defense, Chase must show that (1) the violation was not intentional and (2) resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors. *See Cohen v. Capital One, N.A.*, 921 F. Supp. 2d 107, 110 (S.D.N.Y. 2013). In Chase's moving brief, it established that it maintained procedures in the form of Job Aides for how an investigation should be conducted, and notwithstanding these procedures, the specialist who investigated Plaintiff's dispute identified only one of multiple criteria for assessing whether Plaintiff's transactions were authorized. (Mov. Mem. 21-22.)

In response, Plaintiff argues in broad strokes that Chase provided "little detail" of those procedures (Opp'n Mem. at 21) and the bank did not "point out the procedures to prevent consumer liability." (*Id*. at 24.)[4] Plaintiff does not address, let alone refute, that Kesterson detailed the procedures that Chase has in place to investigate a dispute and determine whether transactions are authorized. Plaintiff ignores and makes no mention of the Job Aide or the 31 pages of procedures attached to Kesterson's Declaration as Exhibit H, which was part of the 533 pages that Chase produced in discovery. (Dkt. 60-1 p. 2-32.) Although Plaintiff complains that Chase's motion contains insufficient detail, she provides no explanation for why she failed to pursue these details in discovery or during Kesterson's deposition. By failing to pursue the claimed missing information in discovery, Plaintiff is foreclosed from now complaining about it.

---

[4] Plaintiff relies upon *Widjaja v. JPMorgan Chase Bank, N.A.*, 21 F.4th 579 (9th Cir. 2021), for the proposition that a party can maintain a private cause of action if a bank fails to comply with a provision of the EFTA, including holding a plaintiff liable for unauthorized transfers. (Opp'n Mem. at 13.) However, that decision involved a motion to dismiss and primarily focused on an untimely claim - it did not address the bona fide error defense.

### A. THERE IS NO EVIDENCE BEFORE THE COURT THAT CHASE INTENTIONALLY VIOLATED THE EFTA

Plaintiff admits that Chase had policies in place and investigates when a customer disputes an ACH debit. (Dkt. 64-1 at ¶¶ 16-17.) She also admits that before Chase received the ACH Authorization, it reviewed its own records, which indicated Plaintiff's claim was valid, and that Chase was prepared to find in Plaintiff's favor. (*Id.* at ¶ 23.) Yet Plaintiff argues that Chase acted intentionally because it relied on the ACH Authorization provided by Aspiration. She reasons that intent can be inferred to Chase because "Aspiration did not tell Chase that Plaintiff signed the Authorization." (Opp'n Mem. at 22.)

However, Plaintiff's argument misconstrues the element of intent required to establish a bona fide error defense. The issue is not whether Chase relied on Aspiration's ACH Authorization but whether Chase intentionally violated the EFTA. Plaintiff does not point to any evidence that shows an intentional violation of the statute. To the contrary, as noted above, the evidence shows that at the time of its investigation of Plaintiff's dispute, the bank was unaware that Plaintiff's account at Aspiration was fraudulent. Chase could not have known that the Aspiration account was fraudulent because, at the time of its investigation, Aspiration had not yet made that determination. As stated in Kesterson's declaration and as reflected in the claim notes, Chase was initially in agreement with Plaintiff that the transfers were unauthorized. It was not until Chase received the ACH Authorization from Aspiration that the specialist investigating the dispute concluded that Plaintiff authorized the transfers. (Kesterson Decl. Ex. D at Chase 000033-000035, 000059-000060, Ex. F.)

Plaintiff also argues that intent can be inferred by Chase's failure to call her (Opp'n Mem. at 22), which, again, is a mischaracterization of the facts. Contrary to Plaintiff's unsubstantiated assertion, the evidence before the Court, specifically Chase's claim notes, reflects that Chase spoke with Plaintiff about her dispute. (Kesterson Decl. Ex. D at Chase 000038-000040, 000042-44,

8

000051, 000059, 000061, 000065.)  She was advised by Chase on June 30, 2022 to contact Aspiration.  (Id. at Chase 000043.)  In any event, Plaintiff points to no case law or statutory authority that infers intent from a failure to make a phone call.

### B. CHASE DEMONSTRATED THAT IT MAINTAINED REASONABLE PROCEDURES TO AVOID THE ERROR

As noted above, to prevail on the bona fide error defense, Chase must establish that an error occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.  In support of her argument that Chase did not maintain reasonable procedures, Plaintiff contends that Chase did not point to procedures to prevent consumer liability for unauthorized transactions (Opp'n Mem. at 24); there is no threshold or criteria on how to evaluate factors (*Id.* at 24-25); the identity of the decisionmaker was not disclosed and the reviewer did not testify about the reviewed records (*Id.* at 26); and there is no evidence showing the decisionmaker reviewed Chase's records, what was reviewed or how the records were reviewed.  (*Id.*)

As a threshold matter, had Plaintiff's counsel made an effort to ask Kesterson at his deposition about any of these topics, he would have received the requested information.  Plaintiff cannot now hold Chase responsible for the decision not to depose additional bank witnesses or seek additional bank records.  Notably, Plaintiff provides no authoritative support for her arguments or why her view as to the appropriateness of the bank's procedures is entitled to greater weight.  As set forth the bank's moving papers, a bank's procedures need not be foolproof.  *See Acheampongtieku v. Allied Interstate, Inc.*, No. 04-cv-8397, 2005 U.S. Dist. LEXIS 17901, *21 (S.D.N.Y. Aug. 25, 2005).  Moreover, Plaintiff provides no explanation as to why Chase's procedures are not adequate to avoid errors – indeed, Plaintiff ignores Kesterson's explanation of the investigation process undertaken by the bank in response to Plaintiff's dispute.  Kesterson explained that a specialist was expected to evaluate multiple factors when determining whether a claim was unauthorized and attached the Job Aide to show the procedure to be followed.

9

(Kesterson Decl., Ex. H at Chase 000231-000232.).  He explained that, in this instance, only one factor was used as the basis for the decision to deny Plaintiff's claim.  (Id. at 26.)

In discovery, Plaintiff sought claim notes relating to her dispute, the procedures to investigate her dispute, and the testimony of a 12(b)(6) witness.  Chase produced hundreds of pages of records.  (Kesterson Decl., Ex. H at Chase 000231-000232.)  No limit was placed on the questions that Plaintiff could ask Kesterson at his deposition and Chase did not prevent Plaintiff from examining any other bank witness regarding any of the topics that Plaintiff now claims should have been disclosed.  It was Plaintiff's decision not to ask Kesterson any questions about the Job Aide or the extent to which those procedures were reasonably employed to avoid errors.

The evidence before the Court shows there is no dispute that Chase had procedures in place to avoid the error that occurred in connection with Plaintiff's dispute.

## **CONCLUSION**

For the foregoing reasons, Chase respectfully requests that the Court issue an order pursuant FRCP 56 dismissing the Complaint with prejudice and granting Chase such other and further relief as the Court deems proper.

Dated: Garden City, New York
December 15, 2023

                                          Stagg Wabnik Law Group LLP

By:_____
    Thomas E. Stagg (ts-0426)
    Michelle E. Tarson (mt-0331)
*Attorneys for Defendant*
*JPMorgan Chase Bank, N.A.*
401 Franklin Avenue, Suite 300
Garden City, New York 11530
Tel: (516) 812-4501

10