

**Thomas E. Stagg**
**Managing Partner**

**Direct (516) 812-4501**
**Fax: (516) 812-4601**
**tstagg@staggwabnik.com**

**Also Admitted NJ and DC**

**www.staggwabnik.com**

401 Franklin Avenue, Suite 300, Garden City, NY 11530
T 516.812.4550

331 Newman Springs Road, Building 1, 4th Floor, Suite 143, Red Bank, NJ 07701| T 732.784.1586
1111 Summer Street, 5th Floor, Stamford, CT 06905| T 203.967.4000

July 9, 2024

VIA ECF
The Honorable Jesse M. Furman U.S.D.J.
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

      Re:    Sari E. Newman v. JPMorgan Chase Bank, N.A.
             Docket No.: 1:22-cv-06948-JMF

Dear Judge Furman:

Defendant JPMorgan Chase Bank, N.A. ("Chase") submits this letter in accordance with the Court's June 26, 2024 Opinion and Order. Your Honor directed Chase to show cause why documents filed under seal should remain sealed or be redacted. The following documents are filed under seal:

- Docket 47    Chase's Job Aide[1]
- Docket 52    Declaration of Kevin Kesterson in Support of Chase's Motion for Summary Judgment
- Docket 52-1    Exhibit H (Job Aide) to the Declaration of Kevin Kesterson
- Docket 53    Memorandum of Law in Support of Chase's Motion for Summary Judgment
- Docket 60    Declaration of Kevin Kesterson with Exhibit H (Job Aide) in Support of Chase's Motion for Summary Judgment
- Docket 61    Memorandum of Law in Support of Chase's Motion for Summary Judgment[2]

Chase's Job Aide contains confidential and proprietary procedures regarding how Chase conducts an investigation when a customer disputes an ACH transaction. These procedures constitute a trade secret since they are unique to Chase and are generally not known outside of the bank. While other banks may have their own procedures for investigating disputed ACH transactions, Chase's procedures are exclusive to Chase and no other bank. They were

---

[1] Submitted with Docket No. 46, which was Chase's request to file documents under seal.

[2] Docket Nos. 52, 52.1 and 53 are duplicates of Docket Nos. 60 and 61 as some documents were refiled.

The Honorable Jesse M. Furman
July 9, 2024
Page 2

developed by Chase for Chase's sole use and are not used by any other institution. These procedures identify the specific items examined by bank representatives and the steps taken by the bank to investigate disputes and fraud. In short, they disclose information about the internal systems and processes used by the bank to protect both the bank and its customers. An individual outside of this litigation who obtains these procedures could, and likely will, use them to circumvent the bank's procedures to perpetrate a fraud on the bank's customers. Unscrupulous customers could also use the procedures to perpetrate a fraud upon the bank. For example, a wrongdoer could use the information contained in the Job Aide to make an ACH transfer, then falsely contest the transaction and seek credit for validly transferred funds. Armed with Chase's procedures, a wrongdoer outside the bank will know what information the bank uses to investigate an ACH transfer, which could be used to make an unauthorized transfer appear valid.

Sealing Chase's policies and procedures do not give rise to a First Amendment issue, nor does a presumption of public access outweigh the sealing of the documents. *See Lugosch v. Pyramid Co.*, 435 F.3d 110 (2d Cir. 2006) (setting out the considerations a court examines when determining whether to seal documents); *Nichols v. Noom, Inc.*, 2021 U.S. Dist. LEXIS 86954, *1-5 (S.D.N.Y. May 6, 2021). As set forth above, the insight a fraudster can obtain from access to the Job Aide can result in a real and serious injury, namely fraud. This injury can be to unsuspecting customers who challenge an unauthorized transaction on their account. A fraudster could utilize the Job Aide information to ensure Chase denies a claim and the customer suffers a loss. With access to such information, a fraudster could use the Job Aide to avoid detection by the bank. *See Cantinieri v. Verisk Analytics, Inc.*, 2024 U.S. Dist. LEXIS 31586, *8-9 (E.D.N.Y. Feb. 23, 2024) (finding a compelling interest to seal documents to deter fraud); *Louis Vuitton Malleteir A.A. v. Sunny Merch. Corp.*, 97 F.Supp. 3d 485, 511 (S.D.N.Y. 2015) (finding plaintiff's proposed redactions are proper as they are "generally limited to specific business information and strategies" which could provide valuable insight that could be exploited); *Dollar Phone Corp. v. Dun & Bradsteet Corp.*, 2012 U.S.Dist. LEXIS 202687, *5 (E.D.N.Y. May 9, 2012) (sealing justified to prevent potential fraud).

In *Cantinieri v. Verisk Analytics, Inc.*, the Court applied a three-part analysis to determine whether to seal documents filed in a lawsuit. 2024 U.S. Dist. LEXIS 31586. After determining the documents were judicial documents, the Court looked to the public's right of access. Finally, the Court examined the competing consideration against the right to access (*id.* at 8-10) and found a compelling interest in keeping sealed the defendants' anti-fraud practices and procedures for protecting personal identifying information. *Id.* at 9. *See also Federal Trade Commission v. The Western Union*, 1:13-mc-00131-AKH (Dkt. 76) (Mar. 26, 2015) (granting motion to seal court documents when "public disclosure of these documents could compromise the anti-fraud program by alerting potential offenders to its methodology."). Public disclosure of these procedures could provide fraud prevention information to offenders. *Id.* at 9-10.

To balance the presumption of public access with the confidential and propriety nature of the sealed documents, we propose that some of the documents remain fully sealed while other documents are made publicly available with specific sections or pages redacted. This narrow tailoring seeks to preserve information necessary to protect Chase's investigatory procedures and

The Honorable Jesse M. Furman
July 9, 2024
Page 3

prevent potential fraud. *See Cantinieri*, 2024 U.S. Dist. LEXIS 31586 at *10.  The unredacted versions of the documents would remain under seal.

Documents To Be Publicly Available With Redactions:

Docket No. 52 – The Declaration of Kevin Kesterson in Support of Defendant's Motion for Summary Judgment.  Chase requests that paragraph 25 of the Declaration be redacted as it paraphrases the Job Aide.

Docket No. 53 – Memorandum of Law in Support of Defendant's Motion for Summary Judgment.  We propose that the last paragraph on page 21, which is continued onto the top of page 22, be redacted as that paragraph contains specific information about the contents of the Job Aide.

Docket No. 60 - The Declaration of Kevin Kesterson in Support of Defendant's Motion for Summary Judgment with Exhibit H.  Chase proposes that paragraph 25 of the Declaration be redacted as it paraphrases the Job Aide and that Exhibit H remain sealed as it is the relevant Job Aide that sets out the investigative steps taken by Chase.

Docket No. 61 - Memorandum of Law in Support of Defendant's Motion for Summary Judgment.  We propose that the last paragraph on page 21, which is continued onto the top of page 22, be redacted as that paragraph contains specific information about the contents of the Job Aide.

Documents To Remain Fully Sealed:

Chase requests that Docket Nos. 47 and 52-1 remain fully sealed. The document is the complete, relevant Job Aid that Chase utilized in connection with this dispute.

Should the Court require further information from Chase regarding its request to seal/redact certain documents, we propose submitting a further declaration from Chase employee Kevin Kesterson, who can explain to the Court how Chase's Job Aide was created, its purpose and its use to investigate disputed ACH transactions.

Respectfully submitted,

Thomas E. Stagg

TES/bv

cc:    Shimshon Wexler, Esq. (Via ECF)
       Justin Michael Baxter, Esq. (Via ECF)
       *Attorneys for Plaintiff*

Application GRANTED, substantially for the reasons set forth above.  If necessary to conform with the redactions approved above, Chase shall file (or refile, as the case may be) any documents by July 22, 2024.  The Clerk of Court is directed to terminate Docket No. 75.  SO ORDERED.

July 16, 2024